THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| OLYMPUS MEDIA/MISSOURI, L.L.C., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-4127-CV-C-NKL |
| CITY OF LAKE OZARK, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**ORDER**

Plaintiff Olympus Media/Missouri, LLC ("Olympus"), brings this action pursuant to 28 U.S.C. § 1983 because Defendant City of Lake Ozark, Missouri ("Lake Ozark"), issued a billboard permit to one of Olympus's competitors. In addition to Lake Ozark, Olympus named as Defendants City Inspector Scott Gigrich ("Gigrich"), and its competitor, James Neumann, d/b/a OOS Investments, LLC ("Neumann"). Before the Court are motions to dismiss filed by Lake Ozark and Gigrich [Doc. # 11] and Neumann [Doc. # 22]. For the following reasons, the Court grants both motions to dismiss.

**I.    Background**

The following facts are taken from Olympus's Amended Complaint [Doc. # 6] and are assumed true for purposes of these motions to dismiss. Olympus owns and operates numerous billboards in Missouri, with some located in and around Lake Ozark.

Lake Ozark has enacted a billboard ordinance, City Code Sections 405.560 - 405.568, regulating the installation of billboards within Lake Ozark. The ordinance requires that proposed billboards meet certain requirements regarding size, lighting, movement, etc., and prohibits billboards, except in a designated "billboard plaza." The ordinance provides that anyone seeking to construct or change a billboard must apply for and receive a permit from the City Planning and Zoning Commission before doing so.

Since its inception, Olympus sought to break into the Lake Ozark billboard market. Because it could not obtain permits for new billboards, Olympus purchased several existing billboards in Lake Ozark, including lease agreements with property owners which do not expire for several years. One of Olympus's signs contains digital LED technology but Lake Ozark subsequently took steps to ban the installation of such technology in the future. Olympus paid a premium for its sign locations because of its understanding that no more signs could be built in the area.

In mid-2008, Neumann entered into a lease agreement with a property owner who already had a billboard on its property. That billboard did not comply with Lake Ozark's billboard ordinance and was scheduled to be removed from the property. Before it could be removed, Neumann submitted a sign application to Lake Ozark, seeking to modify the existing billboard to include LED technology, which would provide changing displays. Gigrich, a Lake Ozark Inspector charged with enforcing the billboard ordinance, issued a permit to Neumann to install a digital billboard, even though the City Planning & Zoning Commission had voted to reject it. The old billboard was removed and a new one, with LED

2

technology, was erected in its place. Olympus alleges that the permit was erroneously issued by Lake Ozark and that the billboard is unlawful.

Olympus would like to post additional LED billboards in Lake Ozark but is prohibited from doing so by Lake Ozark's ordinance. Olympus sought to obtain a sign permit from Lake Ozark so it could erect additional LED billboards. Lake Ozark agreed to allow Olympus to upgrade an existing billboard to LED technology but required it to fill out a building permit application rather than a sign permit application as it allowed Neumann to do. Olympus alleges that its nearby signs have lost advertising contracts to Neumann and that the fair market value of Olympus's leases and existing billboards on nearby properties have been diminished by Lake Ozark's issuance of the permit to Neumann.

In July 2008, Olympus sued Lake Ozark in this Court, filing a lawsuit similar to the instant one. In that case, the parties reached a settlement agreement whereby Lake Ozark acknowledged that the permits for the Neumann sign were erroneously issued and that the sign was unlawful. Lake Ozark agreed to diligently seek removal of the sign. Lake Ozark ordered the sign removed and Neuman appealed to Lake Ozark Board of Adjustments, which ruled that the sign could be maintained for a period of six years. Olympus alleges that Lake Ozark did not timely appeal the Board's decision to an appropriate Missouri state court.

Olympus charges that Lake Ozark violated its Fourteenth Amendment right to substantive due process (Count 1), procedural due process (Count 2), equal protection based on selective enforcement (Count 3), and that it is entitled to declaratory relief (Count 4). Olympus charges Gigrich in Counts 1 and 4 and Neumann in Count 4.

3

## II. Discussion

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court need not accept as true legal conclusions in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). A plaintiff must allege enough facts to "nudge" its claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a complaint states a claim for relief, a "context-specific" analysis is required and the reviewing court must "draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950.

### A. Due Process Claims

In Counts 1 and 2, Olympus alleges procedural and substantive due process claims under 42 U.S.C. § 1983 for the deprivation of a constitutional right. A due process claim is "cognizable only if there is a recognized liberty or property interest at stake." *Carpenter Outdoor Adver. Co. v. City of Fenton*, 251 F.3d 686, 689 (8th Cir. 2001) (quoting *Johnson v. City of Minneapolis*, 152 F.3d 859, 861 (8th Cir. 1998)). The Supreme Court has held that "[p]roperty interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972); *see also Stauch v. City of Columbia Heights*, 212 F.3d 425, 429 (8th Cir. 2000) (looking to municipal code to determine whether property owner had a protectable interest).

4

While the underlying property or liberty interest is created by state law, federal constitutional law "determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 757 (2005) (quoting *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978)). Moreover, there is no automatic constitutional violation simply because there is a violation of a state statute. *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992).

Olympus asserts that it has a protected property interest because it is the owner of several advertising billboards in Lake Ozark and is a long-term lessee of the properties where the billboards are located. It asserts that it has lost advertising contracts to Neumann and that the market value of its property interests have been diminished because Lake Ozark gave Neumann a competitive advantage by issuing it a new LED permit. Defendants respond that Olympus does not have a protected property interest that would permit it to challenge an illegally issued permit to a competitor.

Under Missouri law, Olympus has no legally protected property interest in challenging the issuance of an illegal permit to Neumann, a competitor, unless the law expressly confers such a right. *See Schmitt v. City of Hazelwood*, 487 S.W.2d 882, 883 (Mo. App. 1972); *Cont'l Coal, Inc. v. Mo. Land Reclamation Comm'n*, 150 S.W.3d 371 (Mo. App. 2004). Other courts have similarly held that there is no property right for a business to be protected from competition. *See, e.g.*, *West Farms Assocs. v. State Traffic Comm'n of the State of Conn.*, 951 F.2d 469, 473 (2d. Cir. 1991); *Izaak Walton League of Am. v. Marsh*, 655 F.2d

5

346, 361 (D.C. Cir. 1981); *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 169 (E.D.N.Y. 2009); *Kautza v. City of Cody*, 812 P.2d 143, 147 (Wyo. 1991). Because Lake Ozark's ordinances do not confer upon Olympus any right to challenge the issuance of a permit to a competitor, it does not have a property interest to which due process attaches.

While the Court agrees that Olympus has a property interest in its existing billboards, Lake Ozark's action did not deprive Olympus of its ownership interest in the billboards. Rather, it gave a competitive advantage to Neumann by granting a permit when one was not authorized by city ordinance. Missouri law does not recognize this indirect damage as a property interest. *See Schmitt*, 487 S.W.2d at 883.

The cases cited by Olympus to show that it has a property interest at stake in this dispute in fact demonstrate the opposite, because each case cited involved governmental action that had a direct impact on the status of billboards in dispute. *See, e.g.*, *Mo. Highways & Transp. Comm'n v. Muslet*, 213 S.W.3d 96, 99-100 (Mo. App. 2006) (discussing the government's obligation to pay an owner when the government through condemnation takes the owner's easement to maintain a billboard); *Mo. Highways & Transp. Comm'n v. Quiko*, 923 S.W.2d 489, 493 (Mo. App. 1996) (discussing lessee's interest in billboards on condemned property). In contrast, Olympus's claimed property interest is based on an indirect impact to its billboards and leasehold interests—Lake Ozark's issuance of an illegal permit to Neumann which had the effect of making the Olympus billboards less competitive and Neumann's billboards more competitive.

6

Because Olympus does not have a legally protected interest in its competitor not being given an economic advantage, its due process claims fail against both Lake Ozark and Gigrich.

### B. Equal Protection Claim

Olympus asserts a violation of equal protection based on selective enforcement. The equal protection clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 334-35 (8th Cir. 1998) (citation omitted). "It protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999).

Olympus does not assert that it belongs to a suspect class, and the Court has already concluded that Olympus does not have a protectable property interest. Where there is no suspect classification or fundamental right at stake, the court's review is under the deferential rational basis standard. *Batra v. Board of Regents of the Univ. of Neb.*, 79 F.3d 717, 721 (8th Cir. 1996). To meet its burden under that standard, Olympus must allege and prove intentional discrimination. In *Snowden v. Hughes* the Supreme Court explained, "[t]he unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional purposeful discrimination." 321 U.S. 1, 8 (1944). Random government incompetence is insufficient to satisfy an equal protection violation. *See Batra*, 79 F.3d at 721; *see also Albright v. Oliver*,

7

975 F.2d 343, 348 (7th Cir. 1992) ("[Y]ou must be singled out because of your membership in the class, and not just be the random victim of government incompetence.").

Olympus's allegations in its Complaint fall short of stating a claim for equal protection. Olympus claims an equal protection violation because Lake Ozark improperly granted Neumann a permit for a billboard with LED technology in spite of its ordinances prohibiting billboards with this technology. Olympus suggests that because Lake Ozark improperly granted Neumann's application that it should also grant Olympus a permit in violation of its ordinances. However, Olympus fails to allege any discriminatory intent or purpose for granting the illegal permit to Neumann. *See Tolett v. Laman*, 497 F.2d 1231, 1233 (8th Cir. 1974). Rather, Olympus's allegations are consistent with the proposition that it was a victim of random government incompetence when Lake Ozark improperly granted a permit to a competitor.

Moreover, Olympus's argument that it has asserted a "class-of-one" claim also fails. In order to assert such a claim, Olympus must allege that Defendant "systematically and 'intentionally treated [it] differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Nolan v. Thompson*, 521 F.2d 983, 989-90 (8th Cir. 2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). According to the Eighth Circuit, "[i]dentifying the difference in treatment is especially important in class-of-one cases for statistical reasons. In the absence of a large number of disadvantaged people sharing a single characteristic, 'there is no way to know whether the difference in treatment was occasioned by legitimate or illegitimate considerations without a comprehensive . . .

8

canvassing of all possible relevant factors.'" *Id.* at 990 (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213-14 (10th Cir. 2004)). Olympus essentially alleges a class-of-one versus a class-of-one claim. Such allegations fail to demonstrate that Olympus was treated differently than others similarly situated. *See Jennings*, 383 F.3d at 1210-11. Olympus's equal protection claim must be dismissed.

### C. Declaratory Relief

Olympus seeks a declaration from this Court that the permit issued to Neumann is illegal, null and void. Article III of United States Constitution limits jurisdiction of federal courts to actual cases and controversies. *Allen v. Wright*, 468 U.S. 737, 750 (1984). Article III has three requirements for establishing standing to bring a case in federal court: (1) plaintiff must demonstrate he has suffered an injury in fact which is actual, concrete, and particularized; (2) plaintiff must show a causal connection between the conduct complained of and the injury; and (3) the plaintiff must establish that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A party invoking federal jurisdiction must establish that he has met all the requirements for standing. *Id.* at 561.

Plaintiff claims that Lake Ozark improperly issued a billboard permit to Neumann in violation of Lake Ozark's own ordinances. As previously discussed, Olympus does not have a recognized property interest to be free from competition. Olympus, therefore, cannot establish an injury in fact. Olympus has failed to establish the first requirement of standing

9

and therefore lacks standing to bring this claim in federal court. Thus, this claim is properly dismissed against all parties.

## III. Conclusion

Accordingly, it is hereby ORDERED that [Docs. ## 11 and 22] are GRANTED. Plaintiff's claims against all Defendants are dismissed.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 21, 2009  
Jefferson City, Missouri