# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| OLYMPUS MEDIA/MISSOURI, L.L.C., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF LAKE OZARK, MISSOURI, ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 09-4127-CV-C-NKL |

## ORDER

Pending before the Court is a Motion for Attorney's Fees and Other Costs filed by Defendant James Neumann [Doc. # 45]. For the following reasons, the Court denies Defendant's motion.

## I. Discussion

Plaintiff Olympus Media/Missouri, LLC ("Olympus"), brought this action pursuant to 28 U.S.C. § 1983 because Defendant City of Lake Ozark, Missouri ("Lake Ozark"), issued a billboard permit to one of Olympus's competitors. In addition to Lake Ozark, Olympus named as Defendants City Inspector Scott Gigrich ("Gigrich"), and its competitor, James Neumann, d/b/a OOS Investments, LLC ("Neumann"). Olympus's four-count Complaint alleged violations of substantive due process, procedural due process, and equal protection, and asserted a claim for declaratory judgment. Both Lake Ozark and Gigrich [Doc. # 11] and Neumann [Doc. # 22] filed motions to dismiss. On October 21, 2009, the Court granted both

motions and dismissed the case, concluding that Olympus did not have the right to challenge the issuance of a permit to a competitor because it did not have a property interest to which due process attached. Neumann now seeks his attorneys' fees, arguing that he is a prevailing party of a section 1983 claim.

Neumann argues that Olympus asserted the constitutional claims against him because the prayer for relief at the end of the Complaint sought judgment against all defendants and requested attorneys' fees pursuant to 42 U.S.C. § 1988. Olympus responds that the constitutional claims were asserted against Lake Ozark and Gigrich, the governmental actors, and not against Neumann. Olympus asserts that Neumann was added as a party to the declaratory relief claim because it anticipated that Lake Ozark would argue that Neumann was a necessary party to the litigation since it was his billboard that was in dispute.

A plain reading of the Complaint and each count demonstrates that Olympus did not file the constitutional claims against Neumann, even though the prayer for relief at the end included all defendants. In Count I, Olympus alleged that Lake Ozark and Gigrich issued a permit contrary to Lake Ozark's ordinance and that such action was arbitrary and capricious and in violation of due process. In Count II, Olympus alleged a violation of procedural due process, alleging that Lake Ozark bypassed its procedure and incorrectly approved the permit for Neumann's billboard administratively. In Count III, Olympus alleged that Lake Ozark's ordinance was selectively enforced. In Count IV, Olympus sought a declaratory judgment that the permit issued to Neumann was void. Thus, a plain reading of these counts reveals that the constitutional claims were not asserted against Neumann.

Moreover, Olympus's opposition to Neumann's motion to dismiss explained Olympus's intent to include him in the declaratory judgment claim because of its belief that Neumann was a necessary party to the lawsuit. The Court's Order granting the parties' motions to dismiss also indicated that the constitutional claims were not asserted against Neumann. Because the constitutional claims were not against Neumann, he cannot seek fees pursuant to section 1988. Accordingly, Neumann's motion for attorneys' fees and costs is denied.

**II.     Conclusion**

Accordingly, it is hereby ORDERED that the Motion for Attorney's Fees and Other Costs filed by Defendant James Neumann [Doc. # 45] is DENIED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: January 25, 2010
Jefferson City, Missouri